# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| FABER BROTHERS, INC., | ) Case. No. 06 B 07852 |
| | ) |
| Debtor. | ) Hon. Jack B. Schmetterer |

## THIRD AMENDMENT TO AGREED ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL ON AN EMERGENCY BASIS; AND (B) GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY AND OTHER RELIEF TO WELLS FARGO FOOTHILL, INC.

This matter having come before this Court on the motion ("Motion") of Faber Brothers, Inc. ("Debtor"), requesting that this Court enter an order authorizing Debtor to use cash collateral on an emergency and final basis, and grant adequate protection and provide security and other relief to Wells Fargo Foothill, Inc. ("Lender") in connection therewith; the Court, on July 20, 2006, having entered an Agreed Order Authorizing Debtor To: (A) Use Cash Collateral On An Emergency Basis; and (B) Grant Adequate Protection And Provde Security And Other Relief To Lender ("Emergency Cash Collateral Order") and having set September 1, 2006 for the continued Final Hearing on the Motion pursuant to that certain second amendment to the Emergency Cash Collateral Order entered on August 21, 2006; notice of the Final Hearing being sufficient and given to those parties required under the Emergency Cash Collateral Order pursuant to that certain Notice and Certificate of Service filed by the Debtor on July 20, 2006, as docket no. 20; the Debtor, Lender and the Committee having agreed to continue the Final Hearing and amend the Emergency Cash Collateral Order as herein provided; and unless otherwise indicated, all capitalized terms used herein having the meanings ascribed thereto in the Emergency Cash Collateral Order and by this reference being made a part hereof.

Having considered the Motion and the record in this Case, **IT IS HEREBY**

**ORDERED THAT:**

1. The date "September 1, 2006" in Definition 26 (Termination Date) in Exhibit A of the Emergency Cash Collateral Order is hereby replaced with the date "September 18, 2006."

2. The Budget shall be deemed replaced by the budget attached hereto as Exhibit A.

3. The Budget shall be further deemed to include any expenses incurred by the Debtor pursuant to and in accordance with the Faber Brothers, Inc. Sales Commission Program dated August 10, 2006, as amended from time to time with Lender's consent. Furthermore, any such expenses shall constitute Unpaid Budgeted Expenses even if not payable by Debtor until after the Termination Date, provided, that, such expenses otherwise satisfy the definition of Unpaid Budgeted Expenses.

4. Paragraph 3 (Carveout Terms) of the Emergency Cash Collateral Order shall be amended by (a) replacing the amount of "$40,000" in subsection (i) thereof with the amount of "$65,000", and (b) replacing the amount of "$25,000" in subsection (ii)(b) thereof with the amount of "$40,000."

5. Paragraph 6(g) of the Emergency Cash Collateral Order shall be deemed deleted in its entirety and replaced with the following:

> "Adequate Protection – Insurance Premium Finance Company. Debtor is authorized to pay to Premium Assignment Corporation ("PAC"), on or about September 5, 2006, the sum of $11,618 as set forth in the Budget as adequate protection of PAC's alleged interests in Debtor's general liability insurance policies issued by Granite State Insurance known as 02LX42588202 and 02UD465800423 (collectively, the "Policies"), which interests arise in connection with a Premium Finance Agreement concerning said Policies executed by the Debtor on or about December 29, 2005."

6. Paragraph 7(a) of the Emergency Cash Collateral Order shall be deemed deleted in its entirety and replaced with the following:

> "Stipulations and Findings. The stipulations contained in Paragraph C of this Order, and the terms of Paragraph 5(a) of this Order, shall be binding on all parties in interest in the Case and their respective successors and assigns, including any Trustee, subject only to the right of the Committee to commence an adversary proceeding challenging such stipulations and terms on or before October 31, 2006."

624810.2

7.  The Final Hearing shall occur on September 18, 2006 at /0  . and may be continued from time to time without further notice other than that given in open court. Only presently filed objections to the proposed Final Hearing Order shall be deemed reserved and continued to the adjourned Final Hearing.

6.  Debtor acknowledges and agrees, and the Court finds, that all of Lender's rights with respect to existing Events of Default, if any, are preserved notwithstanding the entry of this Order.

7.  Except as expressly set forth herein, the terms of the Emergency Cash Collateral Order are not altered and remain in full force and effect.

8.  The terms of this Order were negotiated in good faith and at arms' length.

DATED: September 1, 2006

_____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

624810.2

-3-

Faber Brothers, Inc.
Cash Forecast

## WEEKLY CASH FLOW FORECAST

| line # | | Remaining Budget | 9/8/2006 | 9/15/2006 | Total |
|---|---|---|---|---|---|
| 1 | Opening cash balance | 2,878,722 | 2,841,222 | 3,188,816 | 2,878,722 |
| 2 | Sources | | | | |
| 2 | Collection on accounts receivable | | 180,000 | 150,000 | 330,000 |
| 3 | Collection on cash sales | | 238,000 | 361,000 | 599,000 |
| 4 | Uses | | | | |
| 4 | Payroll expense: | | | | |
| 5 | Weekly payroll expense--Salary | 8,500 | 8,000 | 8,000 | 24,500 |
| 6 | Weekly payroll expense--Hourly | 7,000 | 8,500 | 10,000 | 25,500 |
| 7 | Commissions | | 14,000 | 23,000 | 37,000 |
| 8 | Weekly payroll expense | 15,500 | 30,500 | 41,000 | 87,000 |
| 9 | Administrative and General | | | | |
| 10 | Rent | | 3,750 | 3,750 | 7,500 |
| 11 | Real estate taxes | | 2,538 | 2,538 | 5,077 |
| 12 | Receipts from Subtenant | | | | |
| 13 | Chief Liquidating Officer | | | | |
| 14 | Professional fees--Debtor | 20,000 | 17,500 | 17,500 | 55,000 |
| 15 | Debtor Legal | | | | |
| 16 | CCC | | | | |
| 17 | Equipment Rental | | 500 | 500 | 1,000 |
| 18 | Comp & Office Supplies | | 500 | 6,000 | 6,500 |
| 19 | Utilities | | | | |
| 20 | Insurance--genl | | 11,618 | | 11,618 |
| 21 | Communications | | | 3,000 | 3,000 |
| 22 | Insurance group | | | 8,200 | 8,200 |
| 23 | Equipment repair & maintenance | | 500 | 500 | 1,000 |
| 24 | Computer programming | | | | |
| 25 | Postage & EDI | | 500 | 500 | 1,000 |
| 26 | Burglar alarm | | | | |
| 27 | Taxes & licenses | | | | |
| 28 | Travel | | | | |
| 29 | Health & sanitation | 2,000 | | 2,000 | 2,000 |
| 30 | Other | | 2,500 | 2,500 | 5,000 |
| 31 | Payroll on-costs | | | | |
| 32 | Payroll taxes | | | | |
| 33 | Document storage | | | | |
| 34 | Advertising | | | | |
| 35 | US Trustee fees | | | | |
| 36 | Selling | | | | |
| 37 | Salesperson travel | | | | |
| 38 | **Total Operating Expenses** | 37,500 | 70,406 | 85,988 | 193,895 |
| | Estimated Surplus/(Deficit) | 2,841,222 | 3,188,816 | 3,613,827 | 3,613,827 |