UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| FABER BROTHERS, INC., | ) | Case. No. 06 B 07852 |
| | ) | |
| Debtor. | ) | Hon. Jack B. Schmetterer |

### AGREED SECOND AMENDMENT TO AGREED FINAL HEARING ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL; AND (B) GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY AND OTHER RELIEF TO WELLS FARGO FOOTHILL, INC. AND TO JUNIOR ALLEGED SECURED CREDITORS

This matter having come before this Court on the motion ("Motion") of Faber Brothers, Inc. ("Debtor"), requesting that this Court enter an order authorizing Debtor to use cash collateral on an emergency and final basis, and grant adequate protection and provide security and other relief to Wells Fargo Foothill, Inc. ("Lender") in connection therewith; the Court, on September 29, 2006 (the "Final Hearing"), having entered an Agreed Final Hearing Order Authorizing Debtor To: (A) Use Cash Collateral; and (B) Grant Adequate Protection And Provide Security And Other Relief To Wells Fargo Foothill, Inc. and To Junior Alleged Secured Creditors ("Final Cash Collateral Order") and having thereafter set a status hearing on this matter for October 23, 2006; notice of the Final Hearing being sufficient and given to those parties required under the Agreed Order Authorizing Debtor To: (A) Use Cash Collateral On An Emergency Basis; and (B) Grant Adequate Protection And Provide Security And Other Relief To Wells Fargo Foothill, Inc., pursuant to that certain Notice and Certificate of Service filed by the Debtor on July 20, 2006, as docket no. 20; the Final Cash Collateral Order having been amended by that certain Agreed First Amendment to Agreed Final Hearing Order Authorizing Debtor to: (a) Use Cash Collateral and (B) Grant Adequate Protection And Provide Security And Other Relief To Wells Fargo Foothill, Inc. and To Junior Alleged Secured Creditors entered on October

10, 2006 (the Final Cash Collateral Order, as amended, shall be referred to herein as the "Final Order"); the Debtor, Lender, and the Committee having agreed to the entry hereof; and unless otherwise indicated, all capitalized terms used herein having the meanings ascribed thereto in the Final Order and by this reference being made a part hereof.

## NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The remaining unpaid balance of the Carveout that is relative to the professional fees and expenses of the Debtor's counsel (subparagraph 3(i) of the Final Order) and the Committee's counsel (subparagraph 3(ii)) shall be distributed pursuant to the following terms and conditions:

    (a) On or prior to October 31, 2006, the Lender shall remit Cash Collateral equal to the sum of $23,284.25 to the Committee's counsel, Bruce Dopke, and equal to the sum of $27,084.81 to the Debtor's counsel, Adelman & Gettleman, Ltd. (collectively, the "Remaining Professional Fee Carveouts"), pursuant to wire instructions to be hereafter given by such counsel to the Lender's counsel;

    (b) The Remaining Professional Fee Carveouts shall be applied by such counsel pursuant to further Order of this Court or to the terms of the "Order Establishing Procedures For the Payment of Monthly Interim Compensation and Reimbursement of Expenses of Professionals" entered by the Court on August 21, 2006; and

    (c) Upon Lender's remittance of the Remaining Professional Fee Carveouts pursuant to the foregoing terms, Lender shall be relieved of any and all liability with respect to the Carveout, no party shall be entitled to any further remittances from Lender of any Cash Collateral or other amount of Aggregate Collateral, or any other amount or payment from Lender, on account of the Carveout, other than Debtor solely with respect to quarterly fees payable by Debtor pursuant to 28 U.S.C. § 1930(a)(6) prior to Full Payment of Lender and any fees payable by Debtor to the Clerk of the Bankruptcy Court prior to Full Payment of Lender.

2. The Final Order is hereby amended to add the following as new paragraph 6(j) thereto:

"The Debtor be and is hereby authorized and directed to sell, on or before November 17, 2006, all stock and other interests referenced in schedule B-13 of its Bankruptcy Schedules filed herein pursuant to the method and procedures to be agreed upon by the Lender, the Committee, and the Debtor. All net proceeds, if any, from such sale(s) shall be Cash Collateral and be applied pursuant to Paragraph 5(d) of this Order."

3. Debtor acknowledges and agrees, and the Court finds, that all of Lender's rights with respect to existing Events of Default, if any, are preserved notwithstanding the entry of this Order.

624810.2

-2-

4. Except as expressly set forth herein, the terms of the Final Order are not altered and remain in full force and effect.

5. The terms of this Order were negotiated in good faith and at arms' length.

6. A status hearing on this proceeding shall be held on November 7, 2006 at 10:30 a.m., and may be continued from time to time without further notice other than that given in open court.

DATED: October 23, 2006

_____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

OCT 2 3 2006

Prepared by:

BRAD A. BERISH, ESQ. ARDC# 06200891
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050

624810.2

-3-