UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| FABER BROTHERS, INC., | ) Case. No. 06 B 07852 |
| | ) |
| Debtor. | ) Hon. Jack B. Schmetterer |

### AGREED FOURTH AMENDMENT TO AGREED FINAL HEARING ORDER AUTHORIZING DEBTOR TO: (A) USE CASH COLLATERAL; AND (B) GRANT ADEQUATE PROTECTION AND PROVIDE SECURITY AND OTHER RELIEF TO WELLS FARGO FOOTHILL, INC. AND TO JUNIOR ALLEGED SECURED CREDITORS

This matter having come before this Court on the motion ("Motion") of Faber Brothers, Inc. ("Debtor"), requesting that this Court enter an order authorizing Debtor to use cash collateral on an emergency and final basis, and grant adequate protection and provide security and other relief to Wells Fargo Foothill, Inc. ("Lender") in connection therewith; the Court, on September 29, 2006 (the "Final Hearing"), having entered an Agreed Final Hearing Order Authorizing Debtor To: (A) Use Cash Collateral; and (B) Grant Adequate Protection And Provide Security And Other Relief To Wells Fargo Foothill, Inc. and To Junior Alleged Secured Creditors ("Final Cash Collateral Order") and having thereafter set a status hearing on this matter for October 23, 2006; notice of the Final Hearing being sufficient and given to those parties required under the Agreed Order Authorizing Debtor To: (A) Use Cash Collateral On An Emergency Basis; and (B) Grant Adequate Protection And Provide Security And Other Relief To Wells Fargo Foothill, Inc., pursuant to that certain Notice and Certificate of Service filed by the Debtor on July 20, 2006, as docket no. 20; the Final Cash Collateral Order having been amended by that certain Agreed First Amendment to Agreed Final Hearing Order Authorizing Debtor to: (a) Use Cash Collateral and (B) Grant Adequate Protection And Provide Security And Other Relief To Wells Fargo Foothill, Inc. and To Junior Alleged Secured Creditors entered on October 10, 2006 (the "First Amendment"), an Agreed Second Amendment thereto entered on October 23, 2006 (the "Second Amendment"), and an Agreed Third Amendment thereto entered on November 7, 2006 (the "Third Amendment") (the Final Cash Collateral Order, as amended, shall be referred to herein as the "Final Order"); the Debtor, Lender, Shapiro, Remington, and the Committee having agreed to the entry hereof; and unless otherwise indicated, all capitalized

terms used herein having the meanings ascribed thereto in the Final Order and by this reference being made a part hereof.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The date "November 30, 2006" in paragraph 6(j) of the Final Order (as previously added per the Third Amendment) is hereby replaced with the date "December 21, 2006."

2. The date "November 30, 2006 in Definition 38 (Termination Date) in Exhibit A of the Final Order is hereby replaced with the date "December 21, 2006."

3. Debtor acknowledges and agrees, and the Court finds, that all of Lender's rights with respect to existing Events of Default, if any, are preserved notwithstanding the entry of this Order.

4. Except as expressly set forth herein, the terms of the Final Order are not altered and remain in full force and effect.

5. The terms of this Order were negotiated in good faith and at arms' length.

6. A status hearing on this proceeding shall be held on December 21, 2006 at 11:00 a.m., and may be continued from time to time without further notice other than that given in open court.

7. The date of October 31, 2006 in Paragraph 7(a) of the Final Order shall be deemed changed to December 5, 2006 with respect to the Committee's right to challenge the amount of Lender's claim against Debtor as it relates to all activity occurring from and after July 5, 2006, including, without limitation, all charges that arose before, on or after July 5, 2006 that were added to Debtor's loan account with Lender after July 5, 2006. The date of November 30, 2006 in the second sentence of Paragraph 7(a) of the Final Order shall be deemed changed to December 5, 2006 with respect to the Committee's right to challenge the stipulations and terms referenced therein.

8. The phrase "within thirty (30) days of receipt of the invoice to which the objection relates" in Paragraph 6(a) of the Final Cash Collateral Order shall be deemed to mean December 5, 2006 solely with respect to the Committee (and no other party) and its right to

624810.2

object to fees, expenses and costs of Hostmann that were served upon the Committee on October 11, 2006.

DATED: November 30, 2006

_____
Honorable Jack B. Schmetterer
United States Bankruptcy Judge

Prepared by:
BRAD A. BERISH, ESQ. ARDC# 06200891
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
(312) 435-1050

624810.2